U.S. District court  
For District of Massachusetts  
One U.S. Court house  
Courthouse Way, Boston Ma. 02110

Ramon W. Abreu  
Plymouth Correctional Facility  
26 Long Pond Road  
Plymouth Ma. 02360



File No: AZ655 7748  
In The Matter of  
Ramon W. Abreu

PETITION FOR A WRIT OF HABEAS CORPUS:

Respondent in Removal Procedine  
Motion To Reopen and Reconsider Removal Procedine

Opening 1. State Re-Litigation case to expunge or dismiss.  
Hence alien qualifies for 212 (c) 8-U.S.C. 1182 (c) waiver.

Now comes The Respondent Ramon W. Abreu Cabrera Prose in the above entitle matters and respectfully move to the U.S. District court to Reopen and Reconsider Removal Procedine. Pursuant to 8.C.F.R. § 1003.2 on The grounds set below

Respondent is Native and citizen of The Dominican Republic. Who was born on August 18, 1963. I Entered The United States of America on October 1st 1978. From San Juan Puerto Rico as an Immigrant Resident in the United State of America.

(1)

# Table of Contents I.N.S Brief

| | | |
|---|---|---|
| Statement of Case | | 3 |
| Statement of Facts | | 3 |
| Argument of Issues | | |
| Issue I | Re-Apply for Waiver of Deportation | 5 |
| Issue II | Ineffective Assistance of Counsel | 6 |
| Issue III | Under 5 Year Sentence | 6 |
| Issue IV | 7 Year Domicile | 7 |
| Issue V | Family Ties | 8 |
| Issue VI | Re-Litigation of 2 State Priors | 9 |
| Issue VII | Deportation Is Second Punishment Violates | 10 |
| | Double Jeopardy | 12 |
| | Conclusion | 13 |

## STATEMENT OF CASE

ALIEN ATTORNEY IS PETITIONING TO ATTACK, CORRECT, TO EXPUNGE OR DISMISS ALIENS 2. STATE PRIORS.

1) SENTENCE 9-15-1988, SUFFOLK SUPERIOR COURT BOSTON MA, FOR ALLEGED DISTRIBUTION OF HALF (½) GRAMS OF COCAINE. CASE NO. 060674, SENTENCE TO SERVE 90 DAYS BALANCE SUSPENDED OF 9 MONTHS.

2) SENTENCE 7-20-1990 DOCKET NO: 9007 CR 3581, AT THE DISTRICT COURT OF DORCHESTER BOSTON MASS FOR ASSAULT AND BATTERY AND MISCONTRUED TO INTEN TO COMMIT A CRIME SENTENCE TO 6 MONTHS BALANCE OF 2 YEAR SUSPENDED. ALIEN IS INDIGENT AND DEPENDS UPON FAMILY SUPPORT TO FILE FOR RELIEF ALIEN HAS AN ATTORNEY APPOINTMENT OF COUNSEL TO HELP OUR LEGAL NEEDS. MY COUNSEL IS ATTORNEY AT LAW, KATHLEEN M. MCCARTHY, 160, STATE STREET 8th FLOOR BOSTON MASSACHUSETTS, 02109 (TELEPHONE # (978) 975-8060.

1) PRIOR ONE: COUNSEL WILL PRESENT TO THIS COURT THE PETITION TO DISMISS OR CORRECT HALF (½) GRAM DISTRIBUTION, TO PERSONAL USE.

2) PRIOR TWO: COUNSEL WILL SEND COPY OF 2ND PRIOR ASSAULT AND BATTERY INTENT TO COMMIT A CRIME 6 MONTHS SENTENCE MOTION TO DISMISS UPON DOUBLE JEOPARDY, HENCE ALIEN MAY HAVE NO PRIOR FOR DEPORTATION INS ACT WAS EXCLUDABLE HET ALIENS WHO HAVE BEEN ARRESTED AND RE-ENTERE CAN RE-APPLY FOR SECT 212(A)(6)(B)(1) BECAUSE OF THE 1990 NEW LAWS ALIEN CAN QUALIFY FOR WAIVER OF DEPORTATION.

③

## STATEMENTS OF FACTS

Aliens prior 7.20.90 arrest for distribution of cocaine a half (½) grams receive a 90 day sentence and balance suspended Alien plead guilty because ineffective counsel failed to argue half (½) gram cocaine was more personal use. Counsel presently is filing to correct the error. Mr. Abreu was arrested by two Boston police officers, name (Seaman Griffith) and (Carlos Lunas). These police officer were found corrupt at Boston Superior Court, also see M.G.L. 51, 52, 53, 54, 56, 57, and many more cases. Also see Superior Court of Mass. V. Elbert Lewin 1988 Superior Court made a statement issue the all these cases and arrest by this officer should be thrown out of the court system. Mr. Abreu should never been deported and the first place.

Alien Abreu 5-7-1990 arrest of assault and battery and intent to commit a crime over residents the seriousness as reflected upon the 6 months sentence balance suspended for Abreu was the first intended victim of a planned cordinated robbery. Abreu had a childrens birthday party and the robbers Jose, Nancy and 3rd escapee name Jolson planned to rob Abreu while alien was entertaining the birthday party of all 10 small children ages 7 to 10, and 13, Abreu saw the third robber friend of Jose, Nancy run out of the house carrying a gun Abreu in front of the children, Abreu could not attack or attempt to stop the robber for the children may get hurt since the robber was banishing a gun, Abreu had to let the robber leave for the safety of the children because the robber wasn't invited and a friend of Jose and Nancy and because the jewelry a Saint Lazarus piece was part from his family.

(4)

17. YEARS AGO, $24,000 of MY FATHERS AND MOTHERS JEWELRY ABREU, DETAINED JOSE AND NANCY TO MAKE ATTEMPTS TO,

1) RECOVER HIS FAMILY LONG TIME JEWELRY
2) BECAUSE THE PARTY WAS FULL OF SMALL CHILDREN AND
3) JOSE WAS CARRYING A 22. CALIBER GUN ABREU HAD TO TAKE JOSE AND NANCY TO HIS SISTERS APARTMENT AWAY FROM THE CHILDREN, RATHER THAN CALL THE POLICE ABREU'S MISTAKE WAS THE HE TRIED TO MAKE JOSE PAY BACK FOR THE JEWELRY.

JOSE AND NANCY AND THIRD PARTY CONSPIRED TO ROB ABREU FOR BECAUSE OF ALL THE EXTENUATING EXTRAORDINARY CIRCUMSTANCE ABREU WAS GIVEN A VERY LIGHT SENTENCE OF 6 MONTHS FOR BEING AN ANGRY VICTIM OF ROBBERY AND BY ANGER TOOK MATTERS IN HIS OWN HANDS BECAUSE OF A LONG TIME FAMILY JEWELRY PIECE, THE JEWELRY IS NOT JUST A REGULAR JEWELRY PIECE LATIN AMERICANS ARE VERY RELIGIOUS AND THIS PIECE IS A CRAFTED PIECE OF SAINT LAZARUS SORT OF GOOD LUCK PIECE FOR GOD SAVED LAZARUS AND PROTECTED HIM IN WHERE OPPRESORS WERE SENT TO THE DEVIL TO BURN IN HELL. SO ABREU HAD TWO SENTIMENTAL REASONS OF VALUE HE DID NOT WANT TO LOSE THE PIECE ABREU PRAYS THE I.N.S COURT CONSIDERS THE MITIGATING CIRCUMSTANCE AS STATE ABOVE SEE 1S.U.S.C.3661 USE OF INFORMATION FOR SENTENCING NO LIMITATION PLACED ON BACKGROUND CHARACTER AND CONDUCT TO CONVICT A PERSON U.S.C SK2.0 DOWNWARD DEPARTURES FROM SENTENCING GUIDELINES FOR EXTENUATION AND MITIGATING EXTRAORDINARY CIRCUMSTANCE SHOULD BE CONSIDERED US.V.BROWN 985 f. 2D 978 (10TH CIR 1993) USSC 1B.14 DOWNWARD DEPARTURES ALLOWED UPON OVER REPRESENTS SERIOUSNESS OF BACKGROUND.

(5)

## Argument of Issues

Issue I Re-Apply for waiver of deportation THOMAS V. INS 35 F.3D 1332 (9th Cir. 1994) case can be re-opened which was arbitrary close hearing base upon new equities of change. On new law subsequent to past BIA decision pending relief from deportation SAITOMA V. I.N.S. 9F.3432 (6th Cir. 1993) U.S. V. YACOUIAN 24 F.3D 1 (9th Cir 1994) Roziel, 954 F.2D at 335 the new I.N.S. 1990 Act applies to alien Abreu for relief of 212(c) for sentence impose under 5 year sentence. U.S. V. SMITH 36 F.3D 128 (1st Cir 1994) alien re-entering the U.U. after deportation may collaterally attack deportation if he or she can show deprivation of opportunity for meaningful judicial review of the deportation order I.N.S Act. 276, 8 U.S.C 1326. Alien Abreu's attorney Kathleen M. McCarthy EX.9. is attacking both 2 state prior 1) for more personal use and 2) for double jeopardy hence alien may have no prior for deportation.

Issue II Ineffective of Counsel
CABRAL AVILA V. INS. 589 F.2D 957 (9th Cir 1978) Ineffective assistance of counsel advise Abreu to plea to distribution of half gram of cocaine yet alien never sold any cocaine he plea upon attorney incorrect advise and should have plea to personal use which new attorney is correcting this prior and hope to be corrected within a few months. Alien would not have been deported the first time if effective counsel properly argued half gram for personal use and not to distribution to plea just for convinience.

(6)

## Issue III UNDER 5 YEAR NON DEPORTABLE

ALIEN ABREU QUALIFIES FOR NON DEPORTATION FOR HIS PRIOR SENTENCE WERE UNDER 5 YEARS SENTENCE. IN GORDON, GORDON. 16.03(A) SECTION 212 A (III) FOR CONSPIRACY, THE SECTION ALSO RENDERS EXCLUDABLE ALIENS WHO HAVE BEEN CONVICTED OF TWO OR MORE OFFENSES REGARDLESS OF WHETHER SUCH OFFENSES INVOLVE MORAL TURPITUDE FOR WHICH THE AGGREGATE SENTENCES TO CONFINEMENT ACTUALLY IMPOSED WERE 5 YEAR OR MORE. PALMER V. I.N.S 4 F.3D 482, 1993 HARDSHIP ID 438, 439, 241 (A)(1) RESIDENTIAL TO 8. U.S.C. 1251 (A)(1)(A) 212 (A)(16) RESIGNATED TO 8 U.S.C. 1182 (A)(6)(A) EXCEPTIONS 1182 (A)(3)(C) 1182 (A)(3)(C)(1) CLASS I (I) 3. 1182 (3) MULTIPLE CRIMINAL CONVICTION ANY ALIEN CONVICTED OF 2 OR MORE OFFENSES OTHER OTHER THAN PURELY POLITICAL OFFENSE REGARDLESS OF WETHER THE OFFENSE INVOLVED MORAL TURPITUDE FOR WHICH THE AGGRAVATED SENTENCES TO CONFINEMENT ACTUALLY IMPOSED WERE 5. YEAR OR MORE IS EXCLUDABLE IN RODRIGUEZ V. I.N.S 994 F.2D 32 (1ST CIR 1993)(2) ALIENS 47, 53, 10 (3) DEPORTABLE ALIEN WAS NOT EXCLUDABLE UNDER PROVISION AND NATIONAL ACT. WHICH EXCLUDABLE ALIENS WHO HAVE BEEN CONVICTED OF 2 OR MORE OFFENSES FOR WHICH AGGRAGATE SENTENCES TO CONFINEMENT ACTUALLY IMPOSE WERE 5 YEARS OR MORE. I.N.S ACT. 212 (A)(2)(A)(2)(B) 24-(A)(2)(C) AMENDED 8.U.S.C 1182 (A)(2)(A)(2)(B) 1251, OF MORE OFFENSE FOR WHICH THE AGREGATE SENTENCES TO CONFINEMENT ACTUALLY IMPOSE WERE 5 YEARS OR MORE I.N.A. 212 (A)(B) 8. USC (A)(2)(B) ID 34 MATTER OF J. 569 (B.I.A. 1955) THE 1992 LANGUAGE AS HAVING ACTUALLY IMPOSED A SENTENCE TO CONFINEMENT IMPOSE WAS LESS 5. YEARS EQUAL 1826 DAYS IN RODRIGUEZ HIS CONFINEMENT WAS LESS THAN 1826 DAYS UNDER 5. YEARS THE RODRIGUEZ WAS BACATED AND REMANDED.

(7)

IN YEPESPRADO V. U.S. INS 10 f 3D 1363 (9th CIR 1993) ID 1371. CONGRESS COULD HAVE DECIDED TO DENY DISCRETIONARY RELIEF TO ALL PERSON CONVICTED OF SERIOUS DRUG OFFENSES BUT EXPLICITLY PROVIDE THE 212(c) RELIEF WILL REMAIN AVAILABLE TO PERSONS SUCH AS YEPESPRADO WHO HAVE SERVED LESS THAN 5 YEAR IMPRISONMENT ON ACCOUNT OF A NARCOTICS CONVICTION.

## ISSUE IV
### 7 YEARS RESIDENCE

ALIEN ABREU QUALIFIES FOR 7 YEAR DOMICILE BARELABLANCO V. INS 18 f 3D 584 (3Th CIR 1994) ID (4) IN EXAMINING FAVORABLE FACTORS 7 YEARS QUALIFY FOR 212(c) WAIVER. SEE ESPINOSA V. INS. 991 f. 2D 1994 (7Th CIR 1993) WOLISE U. UNITED STATE INS. 4 f 3D 306 (4Th CIR 1993) ID 308 ACCORDING TO 8. U.S.C S 1182(c), 212(c) ALLOWS ANY ALIEN LAWFULLY ADMITED FOR PERMANENT RESIDENCE YET FACING DEPORTATION TO APPLY FOR DISCRETIONARY RELIEF UPON COMPLETION OF A LAWFULLY UNRELINQUISHED DOMICILE OF 7. CONSECUTIVE YEARS IN CLARIADO V. INS 1's f 3D 584 (8Th CIR 1994) 2 ALIENS 535 CARD OF IMMIGRATION APPEAL SHOULD HAVE LOOKED BACK OF GOOD MORAL CHARACTER REQUIRED FOR SUCH RELIEF. INS. ACT 101(f)(7) AMENDMENT 1101 (F)(7)(2) TO OBTAIN RELIEF AND APPLICANT MUST ESTABLISH 7. YEARS OF CONTINUOUS PHYSICAL PRESENCE, GOOD MORAL CHARACTER AND SEVERE HARDSHIP IF DEPORTATION OCCURS. IN LEPE GUIDON V. INS 16 f.3D 1021 (9Th CIR 1994) ID 1203 DEPORTABLE ALIENS WHO ARE PERMANENT RESIDENTS AN WHO HAVE AQUIRED SEVEN YEAR OF LAWFULLY UNRELINQUISHED DOMICILE IN THE U.S.

(8)

ARE ELIGIBLE FOR DISCRETIONARY WAIVER OF DEPORTATION THE PROVISION WAS ENATE TO ALIVIATE THE HARDSHIP EFFECTS OF DEPORTATION OF THOSE ALIENS WHO HAVE LAWFULLY ESTABLISHED SUBSTANTIAL TIES TO THE UNITED STATES 8.U.S.C 1182 (C). 1182 (C) RELIEF REGARDLESS OF WHEN THEY WERE ADMITTED FOR PERMANENT RESIDENCE 212 (C) WAS JUST HUMANE GOAL OF PROVIDING RELIEF. TO THOSE FOR WHOM DEPORTATION WOULD PRESUIT IN PECULIAR OR UNSUAL HARDSHIP. 212 (C) WAS ANATED TO PROVIDE RELIEF FROM DEPORTATION FOR THOSE WHO HAVE LAWFULLY FORMED STRONG TIES TO THE UNITED STATES, CHILDREN NATURALLY FROM THE STRONGEST OF TIES TO THE PLACE WHERE THEIR PARENTS ARE DOMICILED, IN FRANCIS V. I.N.S 532 F.2D 268 (2ND CIR 1976) FUNDAMENTAL FAIRNESS DICTATES THE PERMANENT RESIDENT ALIEN WHO ARE IN THE CIRCUMSTANCES BUT FOR IRRELEVANT AND FORTUITOUS FACTORS BE TREATED IN A LIKE MANNER. I.N.S 212 (C) U.S.C.A 1182 (C).

### Issue V. Family Ties

IN HAJIANI NIROUMAND V. I.N.S 26 F.3D 832 (8TH CIR 1994) IN CONSIDERING WAIVER OF DEPORTATION BOARD OF IMMIGRATION APPEALS (B.I.A) MUST BALANCE SOCIAL AND HUMANE FACTORS PRESENTED BY THE ALIEN AGAINST ADVERSE FACTOR. IN RASPATAPADI V. I.N.S 23 F.3D 1562 (9TH CIR 1994) ID 157 (25). DEFENDANT PRAYS THE WEIGHT IS FAVORABLE MORE THAN THE UNFAVORABLE AND WEIGHTH EACH ONE SEPARATELY ALL IN CUMULATIVE THAT THE IMMIGRATION HONORABLE JUDGE CAN MAKE HIS PROPER DECISION IN HENRIS V. I.N.S 3 F.3D 126 (7TH CIR 1993) ID 434, 8.U.S.C. 1101 (A)(20) DEFENDANT YAQUB WAS LAWFULLY ADMITED SINCE 1963 AND NO OTHER REASON SUCH STATUS WAS TO BE CHANGE IS CONSIDERATION OF LAWFULLY RESIDENCE IN CASEN V. I.N.S 8 F.3D 700 (9TH CIR 1993) ID 703 8.U.S.C 1251 (A)(1)(H) PREVENTION TO BREAK UP FAMILY COMPRISED IN PART AMERICAN CITIZENS OR LAWFULLY PERMANENT RESIDENT.

(9)

In RASHTAPADI v. I.N.S. 23 f 3D 1562 (9th Cir. 1994) ID. 157 (25) Defendant prays the weight is favorable more than the unfavorable and weigh each one separately all in cumulative that the Immigration Honorable Judge can make his decision. In HENRY v. I.N.S. 3 f 3D 126 (7th Cir. 1993) ID 434, 8 USC 1101(A)(20) Defendant YAQUB was lawfully admitted since 1963, and no other reason such status was to be changed is a consideration of lawfully residence. In CASEN v. I.N.S. 3 f 3D 700 (9th Cir. 1993) ID. 703 USC 1251(A)(1)(H) prevention to break-up families comprised in part American citizens or lawfully permanent resident.

Alien Abreu qualifies for family ties waiver of deportation

Consideration:

| NAME | RELATION | CITIZENSHIP | AGE |
|---|---|---|---|
| Angelica M. Abreu | Daughter | USA | 13 |
| Felix A. Abreu | Son | USA | 11 |
| Briany Star Abreu | Daughter | USA | 4 |
| Felix A. Abreu S. | Father | Dominican | 60 |
| Ana Abreu | Sister | Dominican | 43 |
| Fior D. Abreu | Sister | USA | 31 |
| Angela M. Abreu | Sister | USA | 28 |
| Yngris Abreu | Sister | USA | 25 |
| Johana Abreu | Sister | USA | 23 |
| Elizabeth Abreu | Sister | USA | 21 |

Issue VI RE-LITIGATION of Aliens past 2 priors

In ABREU, alien was the victim of a planned robbery, because of the children, the shoe was on the other foot, the robbers were caught by the victim (ABREU), hence ABREU ended with 6 months in jail upon extenuating circumstances to avoid the children from being hurt.

(10)

| Name | Relation | Birth | Citizen | Address |
|---|---|---|---|---|
| Felix A. Abreu | Father | 5-16-39 | Dominican Republic | 127 Dakota st Boston Mass 02124 Dorches |
| Ana P. Abreu | Mother | 2-9-45 | Dominican Republic | 127 Dakota st Boston mass 02124 Dorchest |
| Flor D. Abreu | Sister | 5-30-72 | United States | 127 Dakota st Boston Mass 02124 Dorches |
| Angela M. Abreu | Sister | 8-15-73 | United States | 127 Dakota st Boston Mass 02124 Dorches |
| Yngris Abreu | Sister | 2-16-76 | United States | 127 Dakota st Boston Mass 02124 Dorchest |
| Johana Abreu | Sister | 1-17-77 | United States | 127 Dakota st Boston Mass 02124 Dorchest |
| Elizabeth Abreu | Sister | 12-19-78 | United States | 127 Dakota st Boston Mass 02124 Dorchester |
| ANGELICa Abreu | DauGhTer | 09-27-90 | uNiTed STaTes | 127. DAKoTa ST. BosToN Mass 02124 |
| FELix ANToNio Abreu | SoN | 05-9-92 | uNiTed STaTes | 127 DAKoTa ST. BosToN Mass 02124 |
| BriANy STar Abreu | DauGhTer | 12-4-00 | uNiTed STaTes | 24. Barry ST. BosToN Mass 02124 |

The search warrant of police confiscated 1) a porky pig new telephone, 2) a .22 caliber gun belong to Jose Novoa. Alien Abreu and family Attorney Mrs. McCarthy, esq. will file her 28 USC 2255 Habeas Corpus petition upon double jeopardy for the administrative forfeiture upon Abreu's new telephone. Abreu, this prior should be dismissed upon double jeopardy violation of the fifth amendment.

Attorney Kathleen McCarthy will present court records as to correct first prior half gram distribution to either personal use or dismiss the case within 2 or 3 months. Because both cases may be disposed, Alien Abreu re-applies for bail pending home state INS hearing.

### Issue VII Double Jeopardy Waiver

Whether the I.N.S. Immigration Review and the B.I.A erred in refusing to grant double jeopardy bar to second punishment deportation. Double Jeopardy Issue.

In U.S.C V $405. C89.23 US Currency, 33 F3D 1210, 1994 56 F 341 (9th Cir. 1995) the Ninth Circuit reversed a civil forfeiture order. US V McCaslin, No. CR 90-065 WD (WD Wash. filed Sept. 2, 1994) the US District Court for the Western District of Washington grant a defendant a 225 motion and vacated his conviction and sentence because that punishment was imposed after his property had been forfeited in a civil action. Therefore court are either reversing the forfeiture or the conviction so not to violate the double jeopardy clause.

In U.S. V. Koziel, 954 F. 2D 831 (2nd Cir. 1992) ID 835 argues Janner V. US 973 F. 2D at 451 that Congress intended the denial of trad to be part of

(12)

The "penalty" is not synonymous with "punishment" plainly deportation is penalty. See <u>Jong Haw Tarp v. Phelan</u>, 333 US 6, 68 S. CT. 374, 92 L.ED 433 (1948) deportation is a forfeiture for misconduct, such a forfeiture is penalty. It is a civil penalty Congress' retroactive elimination in the 1990 Act of sentencing courts power to grant relief from the civil penalty of deportation does not increase the criminal penalties, and Abreu does not violate the ex-po facto clause.

See <u>U.S. v. Yacoubian</u>, 24 f 3D (1th Cir. 1994) double jeopardy clause applied to deportation states in Yacoubian id. 10 <u>Breed v. Jones</u>, 421 US 519 S. CT. 1779, 49 L.ED 2D 346 (1975) that double jeopardy applies to criminal and deportation proceeding are civil, therefore in Yacoubian failed the double jeopardy issue. Yet in <u>Jong Haw Tarp</u> states deportation forfeiture and also states forfeiture is a penalty, Supreme Court recent winning case.

In <u>Austin v. U.S.</u> 509 US 113 S. CT. 2801, 125 L.ED. 2D 488 (1993) and <u>Dept of Revenue of Montana v. Kurth Ranch</u>, 511 US 114 S. CT. 1947 123 L.ED 2D 767 (1994) the combine lesson of these two cases is that civil forfeiture is punishment for the purpose of the double jeopardy clause. Defendant has been declared deportation and affirmed by the BIA Appeals Board and now awaiting deportation presently at Oakdale F.C.I. Immigration section. Alien prays the instant deportation be dismissed. <u>U.S. v. Halper</u>, 490 US 435, 104 L.ED 2D 487, 109 S CT. 1892 (1988). The supreme court concluded that forfeiture is civil punishment for double jeopardy purposes. Abreu deportation is civil forfeiture see <u>Kurth Ranch</u> the Supreme Court held multiple punishments are barred double jeopardy. Therefore, Alien Abreu should be barred from second punishment double jeopardy the Fifth Circuit has just joined double jeopardy attack see <u>U.S. v. Peres</u>, No. 94-6C738 (November 21, 1994). Also. In <u>Kurth</u>.

(12)

Ranch the Supreme Court states no successive prosecution after conviction, therefore, this deportation is successive prosecution and punishment and should be barred by double jeopardy violative of the fifth amendment, this court should ruled deportation waived.

### Conclusion

For all the reasons above the honorable I.N.S. judge should 1) grant bail pending home I.N.S hearing 2) grant waiver of deportation upon double jeopardy 3) or whatever the I.N.S judge deems fit. Some cases are not what they seem to be as in GUILLEN GARCIA v. I.N.S 999 F 2D 199 (7th Cir. 1993) defendant was accused of assault with a gun and attack on a citizen. But the real fact was he came out of a home to see what was going on, the other man had the gun, not him, he was shot in the leg and woke up in the hospital, apparently a police man shot him, shooting at the other man, defendant won his deportation based on hardship and circumstances.

God BLESS YA'LL

Ramon W. Abru

Plymouth County Correctional Facility
26, Long Pond Road
Plymouth Ma 02360

(13)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
OAKDALE, LOUISIANA    71463

IN THE MATTER OF                           )
                                           )
ABREU-Cabrera, Ramon Wilberto              )    Case No. A  36 557 748
Respondent                                 )
                                           )
IN  DEPORTATION    PROCEEDINGS             )

MEMORANDUM FOR RECORD

Pursuant to Respondent/~~Service/Attorney~~'s written request, the appeal of the Immigration Judge's order of ___January 30, 1996___, deporting Respondent/~~Applicant~~ to ___Dominican Republic___ is hereby WITHDRAWN.

Authority:  Section 3.4, 8 CFR

Dated this __11__ day of _____March_____, 199_6_.

_____
R. K. MCHUGH           Immigration Judge


ON BEHALF OF RESPONDENT:                ON BEHALF OF SERVICE:

Ramon Wilberto ABREU-Cabrera            General Attorney
#05114-052                              Immigration & Naturalization Svc.
FCI, P. O. Box 5000                     P. O. Box 5095
Oakdale, LA    71463                    Oakdale, LA    71463


Exhibits

OMB #1105-0064
**Appeal Fee Waiver Request**

# APPEAL FEE WAIVER REQUEST

Name: Ramon W. Abreu

"A" Number: A36557748

I, Ramon W. Abreu, declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that I am the Applicant/Respondent in the above case and that I am unable to pay the cost of my appeal due to my poverty. I believe that my appeal is valid and I declare that the following responses concerning my financial situation are true and correct to the best of my knowledge:

**Assets**

| | |
|---|---|
| Wages, Salary | $ 0 /month |
| Other Income (business, profession, self-employment, rent payments, interest, etc.) | 0 /month |
| Cash | 0 |
| Checking or Savings account | 0 |
| Property (real estate, automobile, stocks, bonds, etc.) | 0 |
| Other Financial Support (public assistance, alimony, child support, gift, parent, spouse, other family members, etc.) | 0 /month |

**Expenses (including dependents)**

| | |
|---|---|
| Housing (rent, mortgage, etc.) | $ 0 /month |
| Food | 0 /month |
| Clothing | 0 /month |
| Utilities (phone, electric, gas, water, etc.) | 0 /month |
| Transportation | 0 /month |
| Debts, Liabilities | 0 /month |
| Other (specify) | 0 /month |

Signature: Ramon W. Abreu

Date: 9/10/2004

Form EOIR-26A
April 1996

Any submission (motion, letter, application, etc) to the court is required to contain a statement that you mailed or delivered an exact copy to the Department of Homeland Security - Litigation Unit and the date this was performed. The court will **NOT** accept any submission unless you:

 a] Send or deliver a copy of the submission to the Department of Homeland Security - Litigation Unit; and,

 b] Certify to the court that you sent or delivered a copy of the submission to the Department of Homeland Security - Litigation Unit and when you did.

===================================================

Below is sample language we suggest you use.

===================================================

# CERTIFICATE OF SERVICE

I, _Ramon W. Abreu_, certify I have served a true copy of the within to the:

 Office of The Special Assistant U.S. Attorney
 Department of Homeland Security
 JFK Federal Building
 P.o Box 8728
 Boston Mass 02114

postage <u>prepaid</u> / <u>in hand service</u>, on this _____ day of  9/10/ , 2004.
(Circle one)

_Ramon W. Abreu_
Signature

---

Please note: The Immigration Court is located in Room 320 of the JFK Federal Building.

DO NOT SERVE THE OFFICE OF DISTRICT COUNSEL'S COPY WITH THE ORIGINAL SERVED UPON THIS COURT. DOING SO DOES NOT CONSTITUTE SERVICE TO THE OFFICE OF DISTRICT COUNSEL DEPARTMENT OF HOMELAND SECURITY

<u>THE CLERK'S OFFICE WILL NOT FORWARD DOCUMENTS</u>

---

H:\wpdocs\Forms\CERTIFICATE OF SERVICE.wpd     rev.01-2004