```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


RAMON ABREU,                    )
                                )
          Petitioner,           )
                                )
     v.                         )   Civil Action No. 04-11997-DPW
                                )
IMMIGRATION AND                 )
NATURALIZATION SERVICE,         )
                                )
          Respondent.           )
```

MEMORANDUM AND ORDER
October 22, 2004

For the reasons stated below, this action is dismissed without prejudice.

FACTS

On September 13, 2004, Ramon Abreu filed a petition for a writ of habeas corpus seeking a waiver of deportation and claiming that he received in effective assistance of counsel in his removal proceedings. The petition is far from clear and contains numerous irrelevant legal citations and arguments.

Currently, Abreu[1] is a defendant in criminal proceedings pending before me for violating 8 U.S.C. § 1326 (illegal re-entry of a deported alien). United States v. Abreu-Cabrera, C.R. No. 04-10081-JLT. Magistrate Judge Alexander has remanded Abreu to the custody of the United States Marshal pending trial. See 4/19/04 Order on Detention. It appears that Abreu is confined at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

---

[1] In the criminal proceedings, Abreu's name is listed as "Ramon Wilberto Abreu-Cabrera."

ANALYSIS

I.  The Court May Screen The Petition

Although Abreu brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795  (E.D. Mich. 2001).

Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

A.  Abreu Is Not In the Custody of the Respondent

Under Section 2241, a district court may consider a habeas petition from a person who is "in custody under or by color of the authority of the United States."  28 U.S.C. § 2241(c)(1).  A petitioner must be "in custody" at the time the petition is filed. Carafas v. LaValee, 391 U.S. 234, 238 (1968); Patel v. Attorney General, 334 F.3d 1259, 1264 (11th Cir. 2003) (citation omitted)

(custody determined as of the time of the filing of the petition). Th "in custody" requirement is jurisdictional. Jones v. Cunningham, 371 U.S. 236, 238 (1963); accord Miranda v. Reno, 238 F.3d 1156, 1158 (9th Cir. 2001) (citation omitted); cf. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam) ("in custody" requirement has never been extended to the situation where a habeas petitioner suffers no present restraint from a conviction).

A habeas petitioner must name his custodian, the person having day-to-day control over him, as the respondent. Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000) (a petitioner's legal custodian is the individual having day-to-day control over the facility in which petitioner is being detained), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001); cf. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973) (stating that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him what is alleged to be unlawful custody.").

Because Abreu's criminal proceedings are still on-going and he is in the custody of the United States Marshal Service, rather than Immigration and Customs Enforcement, the successor agency to the now-defunct INS,[2] this Court lacks subject-matter jurisdiction over

---

[2] On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice and its functions were eventually transferred to Immigration and Customs Enforcement, a sub-agency within the newly-formed Department of Homeland Security.

Abreu's claims.³  Robledo-Gonzales, 342 F.3d 667, 674 (7th Cir. 2003) (affirming dismissal of habeas petition naming attorney general and INS where petitioner was incarcerated awaiting trial on charge of illegal reentry at the time of the filing of the petition); DiGrado v. Ashcroft, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002) (dismissing for lack of jurisdiction where petitioner was in the custody of the United States Marshal awaiting trial on charges of illegal reentry); see also Vasquez, 233 F.3d at 697 (where petitioner did not name proper custodian, district court ought not have acted on the merits of petition).

## CONCLUSION

ACCORDINGLY, this action is DISMISSED without prejudice for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 22nd day of October 2004.

/s/ Douglas P. Woodlock

---

DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

³I express no view on the merits of Abreu's claims, and note that Abreu has appointed defense counsel in the pending criminal proceedings.